## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA LEE, an individual, ) | Case No.: 2:11-cv-01473-GMN-CWH |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| BAC HOME LOANS SERVICING, LP; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, Inc., a Delaware corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; RECONTRUST COMPANY; and DOES individuals 1 to 100, inclusive; and ROES Corporations 1 to 30, inclusive; and all other persons or entities unknown claiming any right, title, estate, lien, or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, ) | |
| Defendants. ) | |

Before the Court is Defendant Bank of America, N.A. (BANA), successor by merger to BAC Home Loans Servicing, LP's (BAC) Motion to Set Aside Entry of Default (ECF No. 11). Defendant BANA requests that the default entered on October 12, 2011 (ECF No. 9) be set aside.

Under Fed. R. Civ. P. 55(c) a court may set aside an entry of default for good cause. The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The law favors deciding a case on its

merits.  *See id.*

The court looks at three factors to determine whether there is "good cause" to lift the entry of default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff.  *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id*. (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).  The three *Falk* factors are disjunctive, which means that a motion to set aside default or vacate default judgment may be denied based on any one of the factors not weighing in favor of the default party. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

The default was not a result of culpable conduct on the part of Defendant BANA.  Plaintiff is currently involved in separate litigation with Defendant BANA, relating to the same property and with identical causes of action. *See Lee v. BAC Home Loans Servicing, LP et al*, No. 2:11-cv-01583-JCM-LRL.  Despite her knowledge of the existence, identity and contact information for Defendant's counsel, she mailed the summons to one of Defendant's Customer Service Correspondence Department addresses in Simi Valley, CA by certified mail. (*See* "Acceptance of Service," ECF No. 5.)  Attached to the purported "Acceptance of Service" submitted by Plaintiff is an unsigned certificate of mailing and/or service. (*Id*.)  Because BANA is a national bank that is not required to maintain a resident agent in Nevada, a specific procedure for serving process on business entities such as BANA must be followed under Nevada law. *See* NRS 14.030.  Lee failed to comply with NRS 14.030 and was not authorized to establish service via certified mail.  Even if service had been proper via certified mail, Defendant would have been entitled to a forty day period within which to respond. NRS 14.030(4).  Because service on BAC was improper, the entry of default was improper in this case.

Defendant has set forth enough facts in its motion to demonstrate that it has a meritorious defense.  To the extent that Defendant's defenses are not sufficiently specified in its motion, the Court finds that any doubt can be adequately resolved in Defendant's favor so that the case may be decided on the merits.

Plaintiff would not be prejudiced if the judgment is set aside.  This case is in the very early stages of litigation, as the Complaint was filed on September 13, 2011. (*See* ECF No. 1.) Discovery deadlines have not been set.  Furthermore, Plaintiff has entered a Notice of Non-Opposition to Defendant's Motion to Set Aside Default (ECF No. 12).

Accordingly, the Court finds that Defendant BANA has demonstrated that it has a meritorious defense, the default was not a result of culpable conduct on the part of Defendant, and that Plaintiff would not be prejudiced if the judgment is set aside.

**IT IS HEREBY ORDERED** that Defendant BANA's Motion to Set Aside Default (ECF No. 11) is **GRANTED**.

DATED this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge